UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JASON BAERGA and STACEY TOLKIN as mother and natural guardian of infant plaintiff, N.O.,

                               Plaintiffs,

                -against-

Police Officer JOHN MCHUGH, Shield No. 24708; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Jason Baerga ("Mr. Baerga") is a resident of Kings County in the City and State of New York.

7. Plaintiff N.O. is a resident of Kings County in the City and State of New York.

8. Defendant Police Office John McHugh, Shield No. 24708 ("McHugh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McHugh is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

12. At approximately 9:45 p.m. on April 20, 2013, Mr. Baerga was lawfully parking his vehicle in the parking garage at the United Artists movie theaters in Sheepshead Bay, in Brooklyn, New York. Family friend and plaintiff, N.O., was also in the car as they were going to see a movie that evening.

13. As Mr. Baerga and N.O. exited the parked vehicle, defendant officers struck the front of plaintiffs' vehicle with the front of their unmarked car.

14. Plaintiffs were scared and believed they were about to be car-jacked.

15. Defendants rushed out of the car, approached plaintiffs and demanded to know if they had anything on them.

16. When Mr. Baerga responded "no," defendants, three male officers, searched Mr. Baerga and N.O., a female.

17. Defendants searched the vehicle.

18. No contraband was recovered.

19. Defendants ordered Mr. Baerga to put his hands against his car and they proceeded to search him again.

20. Defendants recovered Mr. Baerga's personal possessions including a daily reminder container with his prescription medication in it; with a prescription affixed to the outside of the plastic container.

21. Defendants handcuffed plaintiffs and, without probable cause or

reasonable suspicion to believe they had committed any crime or offense, took them to the 61st Precinct.

22. At the Precinct, defendants interrogated N.O. for several hours.

23. Without ever charging N.O. of any crime, defendants ultimately drove her back to plaintiffs' vehicle at the movie theater and told her to drive the car home. When N.O. indicated that she did not have a driver's license or a learner's permit, defendants officers ordered her to drive the car home anyway.

24. Terrified, N.O. drove the car home at approximately 2:00 a.m. that morning.

25. At the Precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Baerga in criminal possession of a controlled substance and prepared false paperwork to that effect, including an arrest report.

26. At no point did the officers observe Mr. Baerga in possession of a controlled substance.

27. In fact, the officers were aware that Mr. Baerga had lawfully been prescribed the medication in his possession at the time of his arrest.

28. Upon information and belief, Mr. Baerga suffered panic and anxiety attacks during his incarceration.

29. Mr. Baerga was eventually taken to Brooklyn Central Booking.

30. Late in the night on April 21, 2013, Mr. Baerga was arraigned in Kings County Criminal Court where all charges levied against him were dismissed in their entirety.

31. After approximately 24 hours in custody, and without his medication, Mr. Baerga was released.

32. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

38. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Malicious Prosecution**

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Jason Baerga under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of Jason Baerga constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and

emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

43. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44. The individual defendants created false evidence against plaintiff Jason Baerga.

45. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

46. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Jason Baerga's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Deliberate Indifference to Medical Needs

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. The individual defendants were aware of a risk to plaintiff Jason Baerga's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

50. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

51. As a direct and proximate result of this unlawful conduct, Jason Baerga sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

52. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 30, 2013
             New York, New York

                               HARVIS WRIGHT
                               SALEEM & FETT LLP

                               _____
                               Baree N. Fett
                               305 Broadway, 14th Floor
                               New York, New York 10007
                               (212) 323-6880
                               bfett@hwsflegal.com

                               *Attorney for plaintiffs*